UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | 1:22-cr-269 (BAH) |
| : | |
| ANTWON BAILEY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing. The defendant, Antwon Bailey, has pleaded guilty to counts six and seven of the Indictment, which are: Possession with Intent to Distribute Oxycodone Hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1).

For the reasons herein, and based on the 18 U.S.C. Section 3553(a) factors, the United States requests that the Court sentence the defendant to a period of 51 months' incarceration for Counts 6 and 7. The government further requests that the Court impose a period of three years of supervised release.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

   A.  **November 2021 Possession of a Firearm and Marijuana**

On November 14, 2021, officers with the Metropolitan Police Department ("MPD") encountered the defendant, Antwon Bailey, while he was seated in the passenger seat of a vehicle on the 5400 block of 5th Street NW. Officers observed multiple bulges in the front of Bailey's jacket, and asked Bailey to exit the vehicle. Bailey informed officers that he had marijuana in his

1

possession, and subsequently removed a bag from within his jacket, containing marijuana. Officers, having observed that there were still bulges in Bailey's jacket after the removal of the bag, conducted a pat-down search of Bailey's person. As a result of the pat-down search, officers found a total 161 grams of marijuana on Bailey's person, as well as a loaded Glock Model 23 .40 caliber handgun bearing the serial number BCDZ605.

### B.     June 2022 Undercover Controlled Buy and Vehicle Search

On June 3, 2022, the defendant, Antwon Bailey, arranged a narcotics transaction with an undercover informant ("UC") utilized by the MPD. Bailey met the UC on the 600 block of Kennedy Street NW. Bailey agreed to sell the UC 15 milligrams of oxycodone hydrochloride, also known as Percocet pills, in exchange for $60 United States Currency of MPD prerecord funds. After agreeing on the price of the narcotics, Bailey retrieved a medicine pill bottle from a red bag bearing the word "Xfinity" in his possession, removed two pills from the bottle, gave the pills to the UC, and received the $60 in exchange from the UC.

Soon thereafter, Bailey was confronted by MPD officers on the 600 block of Kennedy Street NW. At that time, officers observed Bailey to be in possession of the red "Xfinity" bag. The UC positively identified Bailey as the individual that sold the UC the two Percocet pills. MPD officers observed a medicine bottle inside the red Xfinity bag containing 29 pills, which were subsequently identified as 15 and 30 milligram Oxycodone Hydrochloride pills, along with Xanax pills. Officers also observed a large clear zip lock bag inside of the red Xfinity bag, which contained approximately 390 grams of what was positively field tested to be marijuana.

Incident to arrest, MPD officers conducted a pat-down search of Bailey's person, and found Bailey to be in possession of $167 USD, including the $60 prerecorded MPD funds, as well as keys to a Nissan vehicle. Officers located a 2016 Nissan Altima, Virginia license plate number

TXT-6910, parked one block away. A review of Virginia vehicle registration records confirmed that the vehicle was registered to Bailey. MPD officers subsequently called for a MPD K-9 narcotics officer to conduct an exterior sweep of the vehicle, which yielded a positive indication for the presence of narcotics. As a result of the positive indication for the presence of narcotics, MPD officers conducted a search of the Nissan Altima. The search of the vehicle resulted in the discovery of $3,512 USD and marijuana within the center console, as well as a tan FN Herstal Model 509 9mm handgun bearing the serial number GKS0188797 in the glove box. The firearm was equipped with an extended magazine containing 24 rounds in the magazine and an additional live round in the chamber.

## II. DISCUSSION AND SENTENCING RECOMMENDATION

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 596 (2007). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

The government recommends that the Court sentence Foster to a term of 51 months' incarceration followed by three years of supervised release per the terms of the parties' plea agreement. Under the totality of circumstances, including the nature and seriousness of Foster's offense and his history and characteristics, the government submits that such a sentence of

incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

    A.    **Nature And Circumstances Of The Offense And History And Characteristics Of The Defendant**

As described in detail in the Factual Background, the nature and circumstances of Bailey's offense warrants a significant sentence. Bailey's path to this day did not involve an isolated misstep or incident, but rather repeated arrests, convictions, and contacts with criminal justice system dating back to 2013. But the charges and convictions Bailey accumulated had little to no deterrent effect on his behavior. Instead, continues to engage in criminal activities with a very clear pattern of behavior. This is clearly illustrated by the litany of narcotics and firearms related arrests. *See* ECF No. 20 (Final Presentence Investigation Report ("PSR")) ¶¶ 49, 52, 56, 57, 58, 61.

It bears noting that the current charge is not Bailey's first firearm conviction. Bailey had previously been charged with, and convicted of, similar criminal conduct, having pled guilty in 2019 to Carrying a Pistol Without a License. *Id.* ¶ 44. Probation also noted, in the paragraph immediately below the listed conviction, that "JUSTIS records note the defendant was charged with Possession With Intent to Distribute Marijuana…". *Id*.

A review of the defendant's criminal history reflects that of an individual who has been given multiple opportunities to correct their behavior and has stood in absolute defiance. In reference to the same 2019 conviction mentioned above, the defendant's probation expired unsatisfactorily on April 8, 2022. Specifically, probation noted that the defendant: failed to pay court ordered obligations; refused grief and individual counseling; failed to attend school or work; sent a text message to his probation officer stating "I wish the worse for you. You real live playing with me but ya'll got the game f** up. You or nobody else is going to play with me"; was arrested

4

on four additional occasions within 2021; was non-compliant with the Gun Offender Registry requirement; failed to provide current address and maintain contact with the probation officer; and failed to charge location monitoring device. *Id*.

The defendant's criminal history, including multiple juvenile convictions, as well as his demonstrated history of noncompliance reflects a brazenness and lack of respect for the rule of law and the safety of the community.

### B. The Need For The Sentence To Be Imposed

Under the totality of the circumstances, the government believes that a 51-month sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a). The government credits the defendant's acceptance of responsibility in this case but also recognizes that a 51-month sentence reflects the seriousness and dangerousness of Bailey's conduct. Bailey shows continued callous disregard for the safety of the community by repeatedly arming himself and engaging in narcotics related activities. As such, a 51-month period of incarceration is appropriate to deter him from further illicit firearms and narcotics related activity, to protect the community, and to signal to Foster that there are real costs for repeatedly flouting the law and the terms of his supervised release.

### C. Statutory Penalties And The Sentencing Guidelines

The government concurs with the assessment of the United States Probation Office for the District of Columbia regarding the total offense level applicable in this case, Bailey's criminal history score, and the resultant USSG range. The government agrees that the base offense level in this case is 20 pursuant to USSG § 2K2.1(a)(4)(B). *See* ECF No. 20 (Final Presentence Investigation Report ("PSR")) ¶ 32. Given that Bailey possessed a firearm in connection with another felony offense (drugs), there should be a four-level addition, bringing the total adjusted

offense level to 24. *Id.* ¶ 33.  Given Bailey's acceptance of responsibility, there should be a three-level reduction, bringing the total adjusted offense level to 21.  *Id.* ¶ 39-40.

The government further agrees, based on the documentation available to the PSR writer about Bailey's prior convictions, that Bailey's criminal history score is 2, which places him in Criminal History Category II.  *Id.* ¶ 47.  Accordingly, an offense level of 21 at a Criminal History Category II places Bailey's Guidelines range at 41 to 51 months of incarceration.  *Id.* ¶ 107.

The government is seeking a Guidelines-compliant sentence of 51 months' incarceration.  This sentence reflects the principles set forth in the Guidelines and appropriately balances the § 3553(a) factors and the interests of justice.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the government recommends that the Court sentence Bailey to 51 months' incarceration to be followed by a term of 3 years' supervised release.

          Respectfully Submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY
          D.C. Bar No. 481052

By:    /s/ *Robert P. Sainvil*
          ROBERT P. SAINVIL
          Special Assistant United States Attorney
          N.Y. Bar Number 5311824
          United States Attorney's Office
          601 D. Street NW
          Washington, D.C. 20530
          Telephone: 202-252-7562
          Email: robert.sainvil2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I caused a copy of the foregoing to be served on counsel of record via electronic filing.

                                                   /s/ *Robert P. Sainvil*
                                                   ROBERT P. SAINVIL
                                                   Special Assistant United States Attorney